IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00509-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  SCOTT ANTHONY WHATCOTT,
    a/k/a Michael Scott Smith,
    a/k/a Scott Vasadi, and
2.  RAMONA CAMELIA FRICOSU,
    a/k/a Ramona Smith,

    Defendants.

## ORDER DENYING DEFENDANT WHATCOTT'S MOTION REQUESTING DISMISSAL OF COUNTS 40 THROUGH 49 BASED UPON A VIOLATION OF STATUTORY SPEEDY TRIAL AND CONSTITUTIONAL SPEEDY TRIAL

**Blackburn, J.**

The matter before me is the **Motion Requesting Dismissal of Counts 40 Through 49 Based Upon a Violation of Statutory Speedy Trial and Constitutional Speedy Trial** [#130][1] filed June 6, 2011, by the defendant, Scott Anthony Whatcott. I deny the motion.

Mr. Whatcott claims that the government dismissed the prior criminal indictment filed against him in ***United States v. Whatcott***, 08-cr-00059-JLK ("***Whatcott I***"), under false pretenses. He argues that if the district court had known the real reasons for the government's decision, it would have found those reasons legally insufficient to justify

---

[1] "[#130]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout the orders entered in this case.

dismissal of the charges. From this posited conclusion, he reasons that the speedy trial clock as to Counts 40-49 of the Indictment in this case, which counts comprised the charges against him in **Whatcott I**, should have continued to run between the dismissal in **Whatcott I** and his reindictment in this case, resulting in a violation of his statutory right to a speedy trial.[2]

Defendant's argument is premised on his contention that the counts dismissed in **Whatcott I**, resurrected here as Counts 40-49, are wholly unrelated to the new charges designated in this case as Counts 1-39. I conclude otherwise and find that all offenses charged in the Indictment in this case are properly joined for trial. (**See Order Denying Motions To Sever** [#262], filed February 21, 2012.) It is a serious matter to accuse an officer of the court of being "strategically disingenuous" in its filings to a federal tribunal, and Mr. Whatcott's characterization as to what was in the heart and mind of the government attorneys in this case is based on nothing more than speculation.

Thus, I do not agree with Mr. Whatcott that the government provided disinformation to Judge Kane in explicating its reasons for seeking to dismiss the indictment in **Whatcott I**.[3] Instead, I find and conclude that the court was informed truthfully "of the prosecutor's reasons for dismissing the indictment and the factual basis for the prosecutor's decision." **United States v. Strayer**, 846 F.2d 1262, 1265 (10th Cir.

---

[2] At the February 7, 2012, hearing on the motion, Mr. Whatcott acknowledged that he could not substantiate his claim premised on the Sixth Amendment right to a speedy trial. His only remaining argument, therefore, is that his trial on charges that should not have been dismissed in **Whatcott I** violates the Speedy Trial Act fo 1974, codified at 18 U.S.C. §§ 3161-3174.

[3] In July, 2009, the government received information from Mr. Whatcott's former stepfather-in-law suggesting that Mr. Whatcott was involved in other crimes in addition to those charged in **Whatcott I**. Given the imminency of the September, 2009, trial date, the government ultimately found itself without sufficient time to fully investigate those matters. To best promote judicial efficiency and preserve judicial resources, the government moved to dismiss the indictment in **Whatcott I** until it could bring an indictment encompassing all criminal conduct in which Mr. Whatcott was alleged to be involved.

1985) (citation and internal quotation marks omitted).[4]  Thus, the charges in *Whatcott I* were properly dismissed, and the speedy trial clock stopped .  When the Indictment in this case was issued, the clock started anew.  Mr. Whatcott makes no argument that the Speedy Trial Act has been transgressed in this case standing alone.  Nor could he, as I have attempted to sedulously manage the speedy trial clock in this matter.  Accordingly, his motion must be denied.

**THEREFORE, IT IS ORDERED** that the **Motion Requesting Dismissal of Counts 40 Through 49 Based Upon a Violation of Statutory Speedy Trial and Constitutional Speedy Trial** [#130] filed June 6, 2011, by the defendant, Scott Anthony Whatcott, is **DENIED**.

Dated February 21, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[4] Contrary to Mr. Whatcott's argument, this case is neither similar to nor controlled by *United States v. Derr*, 726 F.2d 617 (10th Cir. 1984).  In *Derr*, the government failed to articulate *any* reason for its dismissal of the charges, and the defendant was later reindicted on the same charges – not on the same charges *plus* additional counts of newly discovered crimes.